1 | Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
2 | 12 South First Street, Suite 1014
San Jose, California 95113-2403
3 | Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
4 | Email Address: fred.schwinn@sjconsumerlaw.com

5 | Attorney for Plaintiff
SUSAN RAE OWENS
6 |

**Filed**

E-FILING  AUG 2 7 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

7 |

8 | **IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
9 | **SAN JOSE DIVISION**

10 | SUSAN RAE OWENS,

11 |                        Plaintiff,

12 | v.

13 | ERICA L. BRACHFELD, A
PROFESSIONAL CORPORATION, D/B/A
14 | BRACHFELD & ASSOCIATES, P.C.,
D/B/A LAW OFFICES OF BRACHFELD &
15 | ASSOCIATES, P.C., a California
corporation, and ERICA LYNN
16 | BRACHFELD, individually and in her
official capacity,
17 |

18 |                        Defendants.

Case No.

**C07  04400**

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

15 Unites States Code § 1692 *et seq.*
California Civil Code § 1788 *et seq.*

19 |         Plaintiff, SUSAN RAE OWENS (hereinafter "Plaintiff"), based on information and

20 | belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff

21 | or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

22 |                        **I. INTRODUCTION**

23 |         1.        This is an action for statutory damages, attorney fees and costs brought by an

24 | individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C.

25 | § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act,

26 | California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from

27 | engaging in abusive, deceptive and unfair practices.

28 | ///

## II.  JURISDICTION

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3.      This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## III.  VENUE

4.      Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.  Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that the Defendant transacts business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV.  INTRADISTRICT ASSIGNMENT

5.      This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

## V.  PARTIES

6.      Plaintiff, SUSAN RAE OWENS (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California.  Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

7.      Defendant, ERICA L. BRACHFELD, A PROFESSIONAL CORPORATION, D/B/A BRACHFELD & ASSOCIATES, P.C., D/B/A LAW OFFICES OF BRACHFELD & ASSOCIATES, P.C. (hereinafter "B&A"), is a California corporation engaged in the business of collecting debts in this state with its principal place of business located at:  20300 South Vermont Avenue, Suite 120, Torrance, California  90502-1349.  B&A may be served as follows: Erica L. Brachfeld, APC, c/o Erica L. Brachfeld, Agent for Service of Process, 20300 South Vermont Avenue, Suite 120, Torrance, California  90502-1349.   The principal business of B&A is the collection of debts using the mails and telephone, and B&A regularly attempts to collect debts

1   alleged to be due another. B&A is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6)

2   and Cal. Civil Code § 1788.2(c).

3         8.    Defendant, ERICA LYNN BRACHFELD (hereinafter "BRACHFELD"), is

4   a natural person and is or was an employee, agent, officer and/or director of B&A at all relevant

5   times. BRACHFELD may be served at her current business address at: Erica Lynn Brachfeld,

6   20300 South Vermont Avenue, Suite 120, Torrance, California 90502-1349. BRACHFELD is a

7   "debt collector" within the meaning of 15 U.S.C. § 1692a(6). Plaintiff is informed and believes, and

8   thereon alleges that BRACHFELD is liable for the acts of B&A because she sets and approves B&A

9   collection policies, practices, procedures and she directed the unlawful activities described herein.

10        9.    At all times herein mentioned, each of the Defendants was an officer, director,

11   agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said

12   times, each Defendant was acting in the full course and scope of said office, directorship, agency,

13   service, employment and/or joint venture. Any reference hereafter to "Defendants" without further

14   qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

15                          **VI. FACTUAL ALLEGATIONS**

16        10.    On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred

17   a financial obligation, namely a consumer credit card account issued by Capital One Bank

18   (hereinafter "the alleged debt"). The alleged debt was incurred primarily for personal, family or

19   household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20        11.    Plaintiff is informed and believes, and thereon alleges that sometime

21   thereafter on a date unknown to Plaintiff, the alleged debt was sold, assigned or otherwise

22   transferred to NCO Financial Systems, Inc.

23        12.    Plaintiff is informed and believes, and thereon alleges that sometime

24   thereafter on a date unknown to Plaintiff, the alleged debt was sold, assigned or otherwise

25   transferred to Defendants for collection from Plaintiff.

26        13.    Thereafter, Defendants sent a collection letter (Exhibit "1") to Plaintiff which

27   is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

28        14.    The collection letter (Exhibit "1") is dated September 18, 2006.

15.    A true and accurate copy of the collection letter from Defendants to Plaintiff is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

16.    Plaintiff is informed and believes, and thereon alleges that Defendants deposited the envelope containing the collection letter (Exhibit "1") in the United States Mail on or about September 18, 2006.

17.    Plaintiff received the envelope containing the collection letter (Exhibit "1") from Defendants on or about September 21, 2006.

18.    The collection letter (Exhibit "1") was sent in an envelope (Exhibit "2") which contained a window through which information printed on the collection letter could be seen by anyone who handled the collection letter.

19.    A true and accurate copy of the envelope in which Defendants sent the collection letter (Exhibit "1") to Plaintiff is attached hereto, marked Exhibit "2," and by this reference is incorporated herein.

20.    The collection letter (Exhibit "1") stated that the name of Defendants' business, company or organization is "Law Offices of Brachfeld & Associates, P.C."

21.    Plaintiff is informed and believes, and thereon alleges that "Law Offices of Brachfeld & Associates, P.C." is not a California corporation.  As such it is not authorized to conduct business in the state of California.

22.    The collection letter (Exhibit "1") and collection envelope (Exhibit "2") stated that the name of Defendants' business, company or organization is "Brachfeld & Associates, P.C."

23.    Plaintiff is informed and believes, and thereon alleges that "Brachfeld & Associates, P.C." is not a California corporation.  As such it is not authorized to conduct business in the state of California.

### VII. CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

24.    Plaintiff brings the first claim for relief against all Defendants under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.

25.    Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through

23 above.

26.    Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

27.    Defendant, B&A, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

28.    Defendant, BRACHFELD, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

29.    The financial obligation allegedly originally owed to Capital One Bank by the Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

30.    The collection letter (Exhibit "1") described above violates the FDCPA. The violations include, but are not limited to, the following:

    a.    Defendants used a business, company or organization name other than the true name of Defendants' business, company or organization, in violation of 15 U.S.C. § 1692e(14).

31.    The collection envelope (Exhibit "2") described above violates the FDCPA. The violations include, but are not limited to, the following:

    a.    Defendants communicated with third parties in connection with the collection of a debt from Plaintiff without Plaintiff's prior consent or the express permission of a court of competent jurisdiction, in violation of 15 U.S.C. § 1692c(b);

    b.    Defendants' display and publication of Plaintiff's personal financial information to third parties in connection with the collection of a debt from Plaintiff is conduct the natural consequence of which is to harass, oppress or abuse Plaintiff, in violation of 15 U.S.C. § 1692d;

    c.    Defendants published the Plaintiff's personal financial information to third parties, in violation of 15 U.S.C. § 1692d(3);

    d.    Defendants used a business, company or organization name other than the true name of Defendants' business, company or organization,

1    in violation of 15 U.S.C. § 1692e(14); and

2    e.    Defendants' display and publication of Plaintiff's personal financial

3         information to third parties in connection with the collection of a debt

4         from Plaintiff is unfair or unconscionable, in violation of 15 U.S.C.

5         § 1692f.

6    32.    Defendants' acts as described above were done intentionally with the purpose

7    of coercing Plaintiff to pay the alleged debt.

8    33.    As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an

9    award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C.§ 1692k.

10    **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

11    34.    Plaintiff brings the second claim for relief against Defendant, B&A, <u>only</u>

12    under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§

13    1788-1788.33.

14    35.    Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through

15    33 above.

16    36.    Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code

17    § 1788.2(h).

18    37.    Defendant, B&A, is a "debt collector" as that term is defined by the RFDCPA,

19    Cal. Civil Code § 1788.2(c).

20    38.    The financial obligation allegedly originally owed to Capital One Bank by

21    Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

22    39.    The collection letter (Exhibit "1") described above violates the RFDCPA.

23    The violations include, but are not limited to, the following:

24    a.    Defendant used a business, company or organization name other than

25         the true name of Defendant's business, company or organization, in

26         violation of 15 U.S.C. § 1692e(14), as incorporated by Cal. Civil

27         Code § 1788.17, and Cal. Civil Code § 1788.13(a).

28    40.    The collection envelope (Exhibit "2") described above violates the RFDCPA.

The violations include, but are not limited to, the following:

    a.    Defendant communicated with third parties in connection with the collection of a debt from Plaintiff without Plaintiff's prior consent or the express permission of a court of competent jurisdiction, in violation of 15 U.S.C. § 1692c(b), as incorporated by Cal. Civil Code § 1788.17, and Cal. Civil Code §§ 1788.12(c) and 1788.12(d);

    b.    Defendant's display and publication of Plaintiff's personal financial information to third parties in connection with the collection of a debt from the Plaintiff is conduct the natural consequence of which is to harass, oppress or abuse Plaintiff, in violation of 15 U.S.C. § 1692d, as incorporated by Cal. Civil Code § 1788.17, and Cal. Civil Code §§ 1788.12(c) and 1788.12(d);

    c.    Defendant published Plaintiff's personal financial information to third parties, in violation of 15 U.S.C. § 1692d(3), as incorporated by Cal. Civil Code § 1788.17, and Cal. Civil Code §§ 1788.12(c) and 1788.12(d);

    d.    Defendant used a business, company or organization name other than the true name of Defendant's business, company or organization, in violation of 15 U.S.C. § 1692e(14), as incorporated by Cal. Civil Code § 1788.17, and Cal. Civil Code § 1788.13(a); and

    e.    Defendant's display and publication of Plaintiff's personal financial information to third parties in connection with the collection of a debt from Plaintiff is unfair or unconscionable, in violation of 15 U.S.C. § 1692f, as incorporated by Cal. Civil Code § 1788.17, and Cal. Civil Code §§ 1788.12(c) and 1788.12(d).

41.    Defendant's acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

42.     As a result of Defendant's willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

43.     As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code §1788.17.

44.     As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to Cal. Civil Code § 1788.30(c) and 15 U.S.C. § 1692k(a)(3), as incorporated by Cal. Civil Code §1788.17.

45.     Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that Plaintiff may have under any other provision of law.

## VIII. REQUEST FOR RELIEF

Plaintiff requests that this Court:

a.      Assume jurisdiction in this proceeding;

b.      Declare that Defendants' collection letter attached hereto as Exhibit "1" violates the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(14);

c.      Declare that Defendant's collection letter attached hereto as Exhibit "1" violates the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.13(a) and 1788.17;

d.      Declare that Defendants' collection envelope attached hereto as Exhibit "2" violates the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692c(b), 1692d, 1692d(3), 1692e(14) and 1692f;

e.      Declare that Defendant's collection envelope attached hereto as Exhibit "2" violates the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.12(c), 1788.12(d), 1788.13(a) and 1788.17;

f.      Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

1   g.   Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than

2        $1,000 pursuant to Cal. Civil Code § 1788.30(b);

3   h.   Award  Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to

4        15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code §1788.17;

5   i.   Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15

6        U.S.C.§ 1692k(a)(3) and Cal. Civil Code §§ 1788.30(c) and 1788.17; and

7   j.   Award Plaintiff such other and further relief as may be just and proper.

8

9                                CONSUMER LAW CENTER, INC.

10                          By: /s/ Fred W. Schwinn

11                              Fred W. Schwinn, Esq.
                                Attorney for Plaintiff
12                              SUSAN RAE OWENS

13          **CERTIFICATION PURSUANT TO CIVIL L.R. 3-16**

14          Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the

15   named parties, there is no such interest to report.

16                              /s/ Fred W. Schwinn

17                              Fred W. Schwinn, Esq.

18

19          **DEMAND FOR JURY TRIAL**

20          PLEASE TAKE NOTICE that Plaintiff, SUSAN RAE OWENS, hereby demands a trial by

21   jury of all triable issues of fact in the above-captioned case.

22

23                              /s/ Fred W. Schwinn

24                              Fred W. Schwinn, Esq.

25

26

27

28

                                -9-
                             COMPLAINT

# BRACHFELD ASSOCIATES

September 18, 2006

SUSAN R OWENS
2771 PLUMAS DR
SAN JOSE CA 95121-2375

RE: CAPITAL ONE BANK
File #: NCO06680

| | |
|---|---|
| Principal | $1,520.54 |
| Interest | $518.86 |
| Balance due | $2,039.40 |

Dear Sir/Madam,

Our client alleges that you owe the above-referenced balance. We hope that we can resolve this without legal action, however, California Code of Civil Procedure section 1033(b)(2) requires us to advise you that in the event of legal action, such legal action could result in a judgment against you that would include the costs and other fees allowable by law.

Unless you notify this office within 30 days after receiving this letter that you dispute the validity of this debt or any portion thereof, this office will assume that this debt is valid. If you notify this office in writing within 30 days after receiving this letter that the debt or any portion thereof is disputed, this office will obtain verification of the debt, a copy of a judgment, and/or provide you with the name and address of the original creditor if different from the current creditor. The failure of you to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by you.

Please make all payments payable to **Brachfeld & Associates, PC** and send to **20300 S. Vermont Ave., Ste.120 Torrance, CA 90502-1338,** or contact our office to discuss this matter..

**At this time, no attorney with this firm has personally reviewed the particular circumstances of your account.**

Very truly yours,

LAW OFFICES OF BRACHFELD & ASSOCIATES, P.C.

Erica L. Brachfeld, Esq.
**If you would like to make arrangements to resolve this account please call my Legal Assistant JAMES HAWK at 888/856-2120 ext. 304**

**\*\*California Residents\*\*** The state Rosenthal Fair Debt Collection Practices Act and the Federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8:00 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov www.ftc.gov.

**THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**


EXHIBIT
1



**B&A**

B R A C H F E L D  &  A S S O C I A T E S ,  P C

20300 South Vermont Avenue, Suite 120
Torrance, California 90502

ADDRESS CORRECTION REQUESTED

SUSAN R OWENS
2771 PLUMAS DR
SAN JOSE CA 95121-2375

RE:      CAPITAL ONE BANK
File #:   NCO06680

Principal



UNITED STATES POSTAGE

02 1P
0002358342
MAILED FROM ZIP CODE 90502

$ 00.39⁰

EXHIBIT
2