1  Fred W. Schwinn (SBN 225575)
   CONSUMER LAW CENTER, INC.
2  12 South First Street, Suite 1014
   San Jose, California  95113-2403
3  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
4  Email Address: fred.schwinn@sjconsumerlaw.com

5  Attorney for Plaintiff
   SUSAN RAE OWENS
6

7

8              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                     SAN JOSE DIVISION

10 SUSAN RAE OWENS,                    Case No.  C07-04400-JF-PVT

11                      Plaintiff,

12 v.                                  PLAINTIFF'S CASE MANAGEMENT
                                       STATEMENT AND FEDERAL RULE
13 ERICA L. BRACHFELD, A               OF CIVIL PROCEDURE 26(f)
   PROFESSIONAL CORPORATION, D/B/A     DISCOVERY PLAN
14 BRACHFELD & ASSOCIATES, P.C.,
   D/B/A LAW OFFICES OF BRACHFELD &    Date:       December 7, 2007
15 ASSOCIATES, P.C., a California      Time:       10:30 a.m.
   corporation, and ERICA LYNN         Judge:      Honorable Jeremy Fogel
16 BRACHFELD, individually and in her  Courtroom:  3, 5th Floor
   official capacity,                  Place:      280 South First Street
17                                                  San Jose, California

18                      Defendants.

19         The Plaintiff in the above-entitled action hereby submits her Case Management Statement

20 and Federal Rule of Civil Procedure 26(f) Discovery Plan for the initial case management

21 conference to be conducted in this matter on December 7, 2007, at 10:30 a.m.

22         **1.     Jurisdiction and Service**

23         The basis for the Court's subject matter jurisdiction is federal question jurisdiction.  No

24 parties remain to be served.

25         **2.     Plaintiff's Statement of Facts**

26         This case is brought by an individual consumer to address Defendants' violations of the Fair

27 Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") and of the Rosenthal

28 Fair  Debt  Collection  Practices  Act,  California  Civil  Code  §§  1788-1788.33  (hereinafter

                                          -1-

"RFDCPA").  The violations stem from Defendants' communications attempting to collect a consumer debt from Plaintiff.  Correspondence between the parties has been attached to the Complaint as exhibits.

Generally, Plaintiff is alleged to have owed a consumer debt which was sold, assigned or otherwise transferred to Defendants for collection.  Thereafter, Defendants sent a collection letter to Plaintiff dated September 18, 2006.  Plaintiff contends that the collection letter was sent in an envelope which contained a window through which information printed on the collection letter could be seen by anyone who handled the collection letter.  Thus, Defendants disclosed and published the Plaintiff's personal financial information to third parties in violation of 15 U.S.C. §§ 1692c(b), 1692d, 1692d(3), 1692f and Cal. Civil Code §§ 1788.12(d) and 1788.17.

Plaintiff also contends that the collection letter stated that the name of Defendants' business, company or organization was "Law Offices of Brachfeld & Associates, P.C."  However, "Law Offices of Brachfeld & Associates, P.C." is not a California corporation.  As such it is not authorized to conduct business in the state of California.  Further, the collection letter and collection envelope stated that the name of Defendants' business, company or organization was "Brachfeld & Associates, P.C.," which also is not a California corporation.  As such it is not authorized to conduct business in the state of California.  By stating false business names, Defendants have violated 15 U.S.C. §§ 1692e(14), and Cal. Civil Code §§ 1788.13(a) and 1788.17.

**3.    Legal Issues**

The principal legal issues which the parties dispute:

a.    Whether Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

b.    Whether Defendants are "debt collectors" within the meaning of 15 U.S.C. § 1692a(6)

c.    Whether Defendant, ERICA L. BRACHFELD, A PROFESSIONAL CORPORATION, is a "debt collector" within the meaning of Cal. Civil Code § 1788.2(c).

d.    Whether the alleged debt is a "debt" within the meaning of 15 U.S.C. §

1692a(5) and a "consumer debt" within the meaning of Cal. Civil Code § 1788.2(f).

    e.    Whether Defendants used a business, company or organization name other than the true name of Defendant's business, company or organization, in violation of 15 U.S.C. § 1692e(14), Cal. Civil Code § 1788.17, and Cal. Civil Code § 1788.13(a);

    f.    Whether Defendants communicated with third parties in connection with the collection of a debt from Plaintiff without Plaintiff's prior consent or the express permission of a court of competent jurisdiction, in violation of 15 U.S.C. § 1692c(b), Civil Code § 1788.17, and Cal. Civil Code §§ 1788.12(c) and 1788.12(d);

    g.    Whether Defendants' display and publication of Plaintiff's personal financial information to third parties in connection with the collection of a debt from the Plaintiff is conduct the natural consequence of which is to harass, oppress or abuse Plaintiff, in violation of 15 U.S.C. § 1692d, Cal. Civil Code § 1788.17, and Cal. Civil Code §§ 1788.12(c) and 1788.12(d);

    h.    Whether Defendants' published Plaintiff's personal financial information to third parties, in violation of 15 U.S.C. § 1692d(3), Cal. Civil Code § 1788.17, and Cal. Civil Code §§ 1788.12(c) and 1788.12(d); and

    i.    Whether Defendants' display and publication of Plaintiff's personal financial information to third parties in connection with the collection of a debt from Plaintiff is unfair or unconscionable, in violation of 15 U.S.C. § 1692f, as incorporated by Cal. Civil Code § 1788.17, and Cal. Civil Code §§ 1788.12(c) and 1788.12(d).

**4.   Motions**

There are no motions pending at this time, however Plaintiff will likely file a motion or motions for judgment on the pleadings, summary judgment or partial summary judgment.

/ / /

PLAINTIFF'S CASE MANAGEMENT STATEMENT AND DISCOVERY PLAN   Case No.  C07-04400-JF-PVT

**5.      Amendment of Pleadings**

At this time, Plaintiff does not anticipate amending the Complaint.  Plaintiff reserves the right to seek leave of the Court to file an amended Complaint should Plaintiff discover additional facts or claims.

**6.      Evidence Preservation**

Defendants should be ordered to direct their relevant employees to preserve all documents, in paper or electronic form, related to the subject matter if this case.

**7.      Plaintiff's Disclosures**

Plaintiff served formal written disclosures on November 27, 2007, as required by Fed. R. Civ. P. 26(a)(1).

**8.      Discovery**

**Plaintiff's Discovery:**  Plaintiff will serve Interrogatories and Requests for Production of Documents shortly.  At this time and without the benefit of Defendants' initial disclosures, Plaintiff anticipates that he may require up to 10 depositions in this matter.

**9.      Class Actions**

This case is not a class action.  Plaintiff reserves the right to seek leave of the Court to file an amended Complaint containing class allegations.

**10.     Related Cases**

The Plaintiff is not aware of any related cases at this time.

**11.     Relief**

**a.      Plaintiff's Statement**

Plaintiff requests that this Court:

i.      Declare that Defendants' collection letter attached to the Complaint as Exhibit "1" violates the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(14);

ii.     Declare that Defendant's collection letter attached to the Complaint as Exhibit "1" violates the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.13(a) and 1788.17;

-4-

iii.     Declare that Defendants' collection envelope attached to the Complaint as Exhibit "2" violates the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692c(b), 1692d, 1692d(3), 1692e(14) and 1692f;

iv.     Declare that Defendant's collection envelope attached to the Complaint as Exhibit "2" violates the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.12(c), 1788.12(d), 1788.13(a) and 1788.17;

v.     Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

vi.     Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 pursuant to Cal. Civil Code § 1788.30(b);

vii.     Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code §1788.17;

viii.     Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C.§ 1692k(a)(3) and Cal. Civil Code §§ 1788.30(c) and 1788.17; and

ix.     Award Plaintiff such other and further relief as may be just and proper.

**12.     Settlement and ADR**

The parties have filed a Stipulation and Proposed Order selecting Mediation as the ADR process in this case. However, Plaintiff does not believe that ADR will materially assist the parties in resolving this matter and therefore requests that the Court remove this case from the Court's ADR Program.

**13.     Consent to Magistrate Judge for All Purposes**

The Parties have not consented to a Magistrate Judge for all purposes.

**14.     Other References**

None at this time.

**15.      Narrowing of Issues**

The Plaintiff anticipates that resolution of motions may narrow the issues for determination.

**16.      Expedited Schedule**

The Plaintiff does not believe that an expedited schedule is necessary.

**17.      Plaintiff's Proposed Scheduling**

| | |
|---|---|
| Initial Case Management Conference | December 7, 2007, at 10:30 a.m. |
| Close of Fact Discovery | June 30, 2008 |
| Fed. R. Civ. P. 26(a)(3) Disclosures | July 14, 2008 |
| Last Day to File Dispositive Motions | August 15, 2008 |
| Opposition to Dispositive Motions | August 29, 2008 |
| Replies to Dispositive Motions | September 5, 2008 |
| Hearing on Dispositive Motions | September 19, 2008, at 9:00 a.m. |
| Final Pre-Trial Conference | November 7, 2008, at 11:00 a.m. |
| Jury Trial | November 28, 2008, at 1:30 p.m. |

**18.      Trial**

The Plaintiff anticipates that the action can be ready for trial in December 2008.

Estimated length of trial is 2-3 days.

**19.      Disclosure of Non-Party Interested Entities or Persons**

       **a.      Plaintiff's Statement**

Pursuant to Civil L.R. 3-16, Plaintiff states, on information and belief, that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

             i.      Susan Rae Owens, n/k/a Suzahna Rae Palmer, an individual residing in San Jose, California.

**20.      Other Matters**

None at this time.

PLAINTIFF'S CASE MANAGEMENT STATEMENT AND DISCOVERY PLAN      Case No.  C07-04400-JF-PVT

1    Dated: <u>December 4, 2007</u>                    <u>/s/ Fred W. Schwinn</u>

2                                                          Fred W. Schwinn, Esq.
                                                         Attorney for Plaintiff
3                                                        SUSAN RAE OWENS

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S CASE MANAGEMENT STATEMENT AND DISCOVERY PLAN    Case No.  C07-04400-JF-PVT