1  Fred W. Schwinn (SBN 225575)
   CONSUMER LAW CENTER, INC.
2  12 South First Street, Suite 1014
   San Jose, California  95113-2418
3  Telephone Number: (408) 294-6100
   Facsimile Number: (408) 294-6190
4  Email Address: fred.schwinn@sjconsumerlaw.com

5  Attorney for Plaintiff
   SUSAN RAE OWENS

6

7

8            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                     SAN JOSE DIVISION

10 SUSAN RAE OWENS,                         Case No.  07-04400-JF-PVT

11                        Plaintiff,        MEMORANDUM OF POINTS AND
                                            AUTHORITIES IN SUPPORT OF
12 v.                                       MOTION FOR SUMMARY
                                            JUDGMENT, OR IN THE
13 ERICA L. BRACHFELD, A                    ALTERNATIVE, PARTIAL
   PROFESSIONAL CORPORATION, D/B/A          SUMMARY ADJUDICATION
14 BRACHFELD & ASSOCIATES, P.C., D/B/A
   LAW OFFICES OF BRACHFELD &              [Fed. R. Civ. P. 56 ]
15 ASSOCIATES, P.C., a California corporation,
   and ERICA LYNN BRACHFELD,                Date:      February 1, 2008
16 individually and in her official capacity,  Time:      9:00 a.m.
                                            Judge:     Honorable Jeremy Fogel
17                        Defendants.       Courtroom: 3, 5th Floor
                                            Place:     280 South First Street
18                                                     San Jose, California

19

20         COMES NOW the Plaintiff, SUSAN RAE OWENS (hereinafter "Plaintiff"), by and through

21 her attorney Fred W. Schwinn of the Consumer Law Center, Inc., and pursuant to Fed. R. Civ. P.

22 56 and Civil L.R. 56-1, hereby submits her Memorandum of Points and Authorities in Support of

23 Motion for Summary Judgment filed herein.

24

25

26

27

28

---

MEMORANDUM OF POINTS AND AUTHORITIES                      Case No.  07-04400-JF-PVT

1

## TABLE OF CONTENTS

2    Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

3    Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

4    I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

5    II.   PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

6    III.  FACTS OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

7    IV.   STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

8    V.    ARGUMENTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

9          A.    THE "LEAST SOPHISTICATED CONSUMER" STANDARD IS USED
                 TO ANALYZE VIOLATIONS OF THE FDCPA . . . . . . . . . . . . . . . . . . . . . . . 4
10
          B.    UNDER THE STRICT LIABILITY STANDARD OF THE FDCPA,
11               DEFENDANTS HAVE COMMITTED NUMEROUS VIOLATIONS OF
                 THE ACT, AS SEEN FROM THE PERSPECTIVE OF THE "LEAST
12               SOPHISTICATED CONSUMER." . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

13        C.    PLAINTIFF IS A "CONSUMER" AS THAT TERM IS DEFINED BY 15
                 U.S.C. § 1692a(3); DEFENDANTS ARE EACH A "DEBT COLLECTOR"
14               AS THAT TERM IS DEFINED BY 15 U.S.C. §1692a(6); THE DEBT
                 BEING COLLECTED BY DEFENDANTS WAS A "DEBT" AS THAT
15               TERM IS DEFINED BY 15 U.S.C. § 1692a(5) AND A "CONSUMER
                 DEBT" AS THAT TERM IS DEFINED BY CAL. CIVIL CODE § 1788.2(f)
16               . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

17        D.    DEFENDANTS HAVE VIOLATED NUMEROUS PROVISIONS OF THE
                 FDCPA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
18
                 1.    DEFENDANTS VIOLATED THE FDCPA BY SENDING A
19                     COLLECTION LETTER IN AN ENVELOPE WHICH DISPLAYED
                       PLAINTIFF'S PERSONAL FINANCIAL INFORMATION . . . . . . . . . 8
20
                 2.    DEFENDANTS USED FALSE BUSINESS NAMES INSTEAD OF
21                     THEIR TRUE BUSINESS NAME WHILE ATTEMPTING TO
                       COLLECT A CONSUMER DEBT FROM PLAINTIFF. . . . . . . . . . . . 9
22
          E.    B&A HAS VIOLATED THE RFDCPA. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
23
                 1.    B&A IS A "DEBT COLLECTOR" WITHIN THE MEANING OF
24                     CALIFORNIA CIVIL CODE § 1788.2(c) . . . . . . . . . . . . . . . . . . . . . 11

25               2.    B&A HAS VIOLATED CAL. CIVIL CODE § 1788.17 . . . . . . . . . . . 12

26               3.    B&A HAS VIOLATED CAL. CIVIL CODE §§ 1788.12(c),
                       1788.12(d) AND 1788.13(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
27
          F.    THIS COURT SHOULD AWARD PLAINTIFF THE MAXIMUM
28               STATUTORY DAMAGE AMOUNT OF $1,000 UNDER THE FDCPA . . . . . 12

1             G.    PLAINTIFF SHOULD BE AWARDED $1,000 UNDER CAL. CIVIL
CODE § 1788.30(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

2

3             H.    PLAINTIFF SHOULD BE AWARDED $1,000 UNDER CAL. CIVIL
CODE § 1788.17 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

4             I.     BOTH CONGRESS AND THE CALIFORNIA LEGISLATURE HAVE
EXPRESSED THEIR INTENT THAT THE REMEDIES FOR

5                      VIOLATIONS OF THE FDCPA AND RFDCPA BE CUMULATIVE . . . . . . . 14

6             J.     PLAINTIFF HAS A STATUTORY RIGHT TO ATTORNEY'S FEES AND
COSTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

7

8   VI.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**TABLE OF AUTHORITIES**

2

**CASES**

3

*Ables v. JBC Legal Group, P.C.*, 227 F.R.D. 541 (N.D. Cal. 2005) . . . . . . . . . . . . . . . . . . . . . . 11

4

*Adams v. CIR Law Offices, LLP*, 2007 U.S. Dist. LEXIS 63808
(S.D. Cal. August 29, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

5

*Alkan v. Citimortgage, Inc.*, 336 F. Supp. 2d 1061 (N.D. Cal. 2004) . . . . . . . . . . . . . . . . . . . . 14

6

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

7

*Avila v. Rubin*, 84 F.3d 222 (7th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

8

*Baker v. G.C. Services*, 677 F.2d 775 (9th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6

9

*Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60 (2nd Cir. 1993) . . . . . . . . . . . . . . . . . . . 5, 8

10

*Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . 4

11

*Cacace v. Lucas*, 775 F. Supp. 502 (D. Conn. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7

12

*Chapman v. ACB Business Services*, Inc., 1997 U.S. Dist. LEXIS 23743
(S.D. W.V. February 13, 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

13

14

*Clomon v. Jackson*, 988 F.2d 1314 (2nd Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

15

*De Coito v. Unifund Corp.*, 2004 U.S. Dist. LEXIS 23729
(D. HI January 4, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

16

*Edstrom v. A.S.A.P. Collection Services*, 2005 U.S. Dist. LEXIS 2773
(N.D. Cal. February 22, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

17

18

*EEOC v. Farmer Bros. Co.*, 31 F.3d 891 (9th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

19

*Graziano v. Harrison*, 950 F.2d 107 (3rd Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

20

*Hartman v. Meridian Financial Services, Inc.*, 191 F. Supp. 2d 1031
(W.D. Wis. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

21

22

*Hodges v. Armada (In re Hodges)*, 342 B.R. 616 (E.D. Bankr. Wash. 2006) . . . . . . . . . . . . . . 8

*Jeter v. Credit Bureau*, 760 F.2d 1168 (11th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

23

*Lutge v. Eskanos & Adler, P.C.*, 2007 U.S. Dist. LEXIS 40570
(N.D. Cal. May 23, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

24

25

*Mann v. Acclaim*, 348 F. Supp. 2d 923 (S.D. Ohio 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

26

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) . . . . . . . . . . . . . . . 3, 4

27

*McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

28

*Navarro v. Eskanos & Adler,* 2007 U.S. Dist. LEXIS 15046
(N.D. Cal. February 20, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Picht v. Jon R. Hawks, Ltd.*, 236 F.3d 446 (8th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Pipiles v. Credit Bureau*, Inc., 886 F.2d 22 (2nd Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Pittman v. J.J. Mac Intyre Co. of Nevada, Inc.*, 969 F. Supp. 609 (D. Nev. 1997) . . . . . . . . . . . 8

*Perez v. Perkiss*, 742 F.Supp. 883 (D. Del. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Riveria v. MAB Collections*, 682 F. Supp. 174 (W.D.N.Y. 1988) . . . . . . . . . . . . . . . . . . . . 5, 13

*Romine v. Diversified Collection Servs.*, 155 F.3d 1142 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . 6

*Russell v. Equifax A.R.S.*, 74 F.3d 30 (2nd Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8

*Saucier v. Katz,* 533 U.S. 194 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Sakuma v. First National Credit Bureau*, 1989 U.S. Dist. LEXIS 19120
(D. HI. November 15, 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Schneider v. TRW, Inc.,* 938 F.3d 986 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Shulick v. Credit Bureau Collection Services*, 2004 U.S. Dist. LEXIS 1552
(E.D. Pa. February 3, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Stockton Wire Products, Inc. v. K-Lath Corp.*, 440 F.2d 782 (9th Cir. 1971) . . . . . . . . . . . . . . 3

*Stojanovski v. Strobl & Manoogian, P.C.*, 783 F. Supp. 319 (E.D. Mich. 1992) . . . . . . . . . . . 5

*Swanson v. Southern Oregon Credit Serv.*, 869 F.2d 1222 (9th Cir. 1988) . . . . . . . . . . . . . . . . 5

*T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Ass'n*
809 F.2d 626 (9th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Taylor v. Perrin Landry, deLaunay & Durand*, 103 F.3d 1232 (5th Cir. 1997) . . . . . . . . . . . 5, 8

*Terran v. Kaplan*, 109 F.3d 1428 (9th Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Tolentino v. Friedman*, 46 F.3d 645 (7th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Traverso v. Sharinn*, 1989 U.S. Dist. LEXIS 19100 (D. Conn. Sept. 15, 1989) . . . . . . . . . . . . 7

*Turner v. Cook*, 362 F.3d 1219 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. National Financial Services*, 98 F.3d 131 (4th Cir. 1996) . . . . . . . . . . . . . . . . 5

*United States v. Trans Continental Affiliates*, 1997 U.S. Dist. LEXIS 388
(N.D. Cal. January 8, 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Zagorski v. Midwest Billing Services, Inc.*, 178 F.3d 116 (7th Cir. 1997) . . . . . . . . . . . . . . . . 15

1

## STATUTES

2  15 U.S.C. § 1692(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6

3  15 U.S.C. § 1692c(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

4  15 U.S.C. § 1692d . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 9

5  15 U.S.C. § 1692d(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

6  15 U.S.C. § 1692e . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

7  15 U.S.C. § 1692e(14) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

8  15 U.S.C. § 1692f . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 9

9  15 U.S.C. § 1692k(a)(2)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

10  15 U.S.C. § 1692k(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

11  15 U.S.C. § 1692n . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

12  Cal. Civil Code § 1788.12(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

13  Cal. Civil Code § 1788.13(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

14  Cal. Civil Code § 1788.17 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

15  Cal. Civil Code § 1788.2(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

16  Cal. Civil Code § 1788.30(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

17  Cal. Civil Code § 1788.32 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

18  Cal. Civil Code § 1788.30(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

19

## RULES

20  Fed. R. Civ. P. 56(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

21  Fed. R. Civ. P. 56(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

22

23

24

25

26

27

28

**I.  INTRODUCTION**

This case was brought by Plaintiff, Susan Rae Owens (hereinafter "Owens"), against Defendant, Erica L. Brachfeld, A Professional Corporation, (hereinafter "B&A), and Defendant, Erica Lynn Brachfeld (hereinafter "Brachfeld"), for various violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the California Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. (hereinafter "RFDCPA"), which prohibit debt collectors from engaging in abusive, deceptive and unfair collection practices.  Generally, Plaintiff is alleged to have owed a consumer debt which was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.  The debt being collected stemmed from a consumer credit card account financed by Capital One Bank, which was later sold, assigned or otherwise transferred to NCO Financial Systems, Inc.  Plaintiff contends that the collection letter sent by Defendants was sent in an envelope which contained a window through which information printed on the collection letter could be seen by anyone who handled the collection letter.  Further, the collection letter and the envelope it was mailed in failed to state the true legal name of Defendants' business entity, instead using false business names which are not registered as California corporations or otherwise entitled to do business in the state of California.

**II.  PROCEDURAL HISTORY**

On August 27, 2007, Owens filed a Complaint in this Fair Debt Collection Practices Act suit against the Defendants.[1]  Defendants filed an Answer containing <u>only</u> a general denial and state law affirmative defenses on September 21, 2007.[2]  On September 22, 2007, Plaintiff's counsel sent Defendants' counsel a letter outlining the deficiencies in the filed Answer and suggesting that Defendants avail themselves of the limited opportunity to file an Amended Answer provided by Fed. R. Civ. P. 15(a).[3]

---

[1]  Doc. 1.

[2]  Doc. 5.

[3]  <u>Declaration of Fred W. Schwinn in Support of Motion for Summary Judgment</u> (hereinafter "<u>Schwinn Declaration</u>") ¶3.

1   On December 28, 2007, Plaintiff's Motion for Summary Judgment was filed herein.

2   **III.  FACTS OF THE CASE**

3   Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692(a)(3) and a "debtor" within

4   the meaning of Cal. Civil Code § 1788.2(h).[4]  Plaintiff resides in Santa Clara County.[5]

5   On a date or dates unknown to Plaintiff, Plaintiff incurred a financial obligation, namely a

6   credit card account issued by Capital One Bank (hereinafter "the debt").[6]  The debt was incurred

7   primarily for personal, family or household purposes and is therefore a "debt" as that term is defined

8   by 15 U.S.C. § 1692a(5), and a "consumer debt" as that term is defined by Cal. Civil Code §

9   1788.2(f).[7]  The debt was sold, assigned or otherwise transferred to NCO Financial Systems, Inc.,

10  and, thereafter, was consigned, placed or otherwise transferred to Defendants for collection from

11  Plaintiff.[8]

12  Defendant, B&A, and Defendant, Brachfeld, are each a "debt collector" as that term is

13  defined by 15 U.S.C. § 1692a(6).[9]  Defendant, B&A, is a "debt collector" as that term is defined by

14  Cal. Civil Code § 1788.2(c).[10]  On or about September 18, 2006, Defendants mailed Plaintiff a

15  collection letter in an attempt to collect the debt.[11]  The collection letter was sent in an envelope

16  which contained a window through which information printed on the collection letter could be seen

17  by anyone who handled the envelope.[12]

18  _____

19  [4]  Complaint (Doc. 1) ¶¶ 6, 26 and 36; Declaration of Susan Rae Owens in Support of Motion
    for Summary Judgment (hereinafter "Owens Declaration") ¶4.

20

21  [5]  Complaint (Doc. 1) ¶6; Owens Declaration ¶3.

22  [6]  Complaint (Doc. 1) ¶10; Owens Declaration ¶4.

23  [7]  Complaint (Doc. 1) ¶¶10, 29 and 38; Owens Declaration ¶4.

24  [8]  Complaint (Doc. 1) ¶¶ 11 and 12; Owens Declaration ¶¶ 5 and 6.

25  [9]  Complaint (Doc. 1) ¶¶ 7 and 8; Schwinn Declaration ¶15, Exhibit "12."

26  [10]  Complaint (Doc. 1) ¶¶ 7 and 37; Schwinn Declaration ¶15, Exhibit "12."

27  [11]  Complaint (Doc. 1) ¶¶ 13, 14 and 15; Owens Declaration ¶¶ 7, 8 and 9; Exhibit "1."

28  [12]  Complaint (Doc. 1) ¶18; Owens Declaration ¶¶ 10 and 11.

1    The collection letter stated that the name of Defendants' business, company or organization

2    as "Law Offices of Brachfeld & Associates, P.C."[13]  However, the "Law Offices of Brachfeld &

3    Associates, P.C." is not a California corporation or a registered foreign corporation and is therefore

4    not authorized to conduct business in the state of California.[14]

5    Moreover, the collection letter and collection envelope stated the name of Defendants'

6    business, company or organization as "Brachfeld & Associates, P.C."[15]  However, "Brachfeld &

7    Associates, P.C." is not a California corporation or a registered foreign corporation and is therefore

8    not authorized to conduct business in the state of California.[16]

9    ### IV.  STANDARD OF REVIEW

10    The standard of review for a motion for summary judgment is that the moving party is

11    entitled to summary judgment when the evidence shows that there is no genuine issue of material

12    fact, and that the moving party is entitled to judgment as a matter of law.[17]  The Court must

13    determine "whether there is the need for a trial—whether, in other words, there are any genuine

14    factual issues that properly can be resolved only by a finder of fact because they may reasonably be

15    resolved in favor of either party."[18]  "Only disputes over facts that might affect the outcome of the

16    suit under governing law will . . . preclude summary judgment." *Id*. at 248.  When the record taken

17    as a whole would not persuade a rational trier of fact to find for the nonmoving party, there is no

18    genuine issue for trial.[19]  In some cases, the evidence of the opposing party is so weak as to "fail[]

19

20    [13]  <u>Complaint</u> (Doc. 1) ¶20; <u>Owens Declaration</u> ¶12; Exhibit "1."

21    [14]  <u>Complaint</u> (Doc. 1) ¶21; <u>Schwinn Declaration</u> ¶¶ 7, 8, 9 and 13; Exhibit "10."

22    [15]  <u>Complaint</u> (Doc. 1) ¶ 22; <u>Owens Declaration</u> ¶13; Exhibit "2."

23    [16]  <u>Complaint</u> (Doc. 1) ¶23; <u>Schwinn Declaration</u> ¶¶ 10, 11 and 14; Exhibit "11."

24
25    [17]  Fed. R. Civ. P. 56(c);  *Stockton Wire Products, Inc. v. K-Lath Corp.,* 440 F.2d 782  (9th Cir. 1971).

26    [18]  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

27
28    [19]  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

1    to raise a material issue of fact.[20]

2        The movant must carry this burden of "identifying those parts of the record that indicate the

3    absence of a genuine issue of material fact."[21]  Once this burden is met, the non-movant is required

4    to "come forward with specific facts showing that there is a genuine issue for trial" as to elements

5    essential to the movant's claim.[22]  The non-movant must show more than "some metaphysical doubt

6    as to the material facts;"[23] he or she must "set forth specific facts showing that there is a genuine

7    issue for trial."  Fed. R. Civ. P. 56(e).

8        The Court must resolve all disputed facts and weigh all evidence "in the light most favorable

9    to the nonmoving party."[24]  However, the nonmoving party may not rely upon mere allegations or

10   denials contained in its pleadings or briefs, but must come forward with specific facts showing the

11   presence of a genuine issue for trial.[25]  One of the principal purposes of the summary judgment rule

12   is to isolate and dispose of factually unsupported claims or defenses, and the rule should be

13   interpreted in a way that allows it to accomplish this purpose.  *Id*. at 323-324.

14                   **V.  ARGUMENTS AND AUTHORITIES**

15   **A.    THE "LEAST SOPHISTICATED CONSUMER" STANDARD IS USED TO
16        ANALYZE VIOLATIONS OF THE FDCPA.**

17       The FDCPA states that its purpose, in part, is "to eliminate abusive debt collection practices

18   by debt collectors."  15 U.S.C. § 1692(e).  The statute is designed to protect consumers from

19   unscrupulous collectors, whether or not there is a valid debt.[26]  The FDCPA broadly prohibits unfair

20   _____

21       [20]  *EEOC v. Farmer Bros. Co.,* 31 F.3d 891, 906 (9th Cir. 1994).

22       [21]  *Brinson v. Linda Rose Joint Venture*, 53 F.3d 1044, 1048 (9th Cir. 1995).

23       [22]  *Schneider v. TRW, Inc.,* 938 F.3d 986, 991 (9th Cir. 1990).

24       [23]  *Matsushita Elec. Indus. Co.,* 475 U.S. at 586.

25       [24]  *T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Ass'n,* 809 F.2d 626, 630-31
26   (9th Cir. 1987).

27       [25]  *Saucier v. Katz,* 533 U.S. 194, 212, n.2, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001).

28       [26]  *Baker v. G.C. Services*, 677 F.2d 775, 777 (9th Cir. 1982).

1    or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and

2    any false, deceptive or misleading statements, in connection with the collection of a debt. 15 U.S.C.

3    §§ 1692d, 1692e, and 1692f.

4          The United States Court of Appeals for the Ninth Circuit has held that whether a

5    communication or other conduct violates the FDCPA is to be determined by analyzing it from the

6    perspective of the "least sophisticated consumer."[27]  The "least sophisticated consumer" standard

7    is objective—not subjective.  *Id.* at 1227.  Courts determine whether the "least sophisticated

8    consumer" would be misled or deceived by the statements made as a matter of law.[28]

9          "The basic purpose of the least sophisticated consumer standard is to ensure that the FDCPA

10   protects all consumers, the gullible as well as the shrewd."[29]  "While protecting naive consumers,

11   the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices

12   by preserving a quotient of reasonableness and presuming a basic level of understanding and

13   willingness to read with care."[30]

14         "As the FDCPA is a strict liability statute, proof of one violation is sufficient to support

15   summary judgment for the plaintiff."[31]  "Because the Act imposes strict liability, a consumer need

16   not show intentional conduct by the debt collector to be entitled to damages."[32]  Furthermore, the

17   question of whether the consumer owes the alleged debt has no bearing on a suit brought pursuant

18

19      [27] *Swanson v. Southern Oregon Credit Serv.*, 869 F.2d 1222, 1225 (9th Cir. 1988).

20      [28] *Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir. 1977);  *Swanson*, 896 F.2d at 1225-26.

21      [29] *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1993).

22      [30] *United States v. National Financial Services*, 98 F.3d 131, 136 (4th Cir. 1996) (citations
     omitted);  *See also Russell v. Equifax A.R.S.*, 74 F.3d 30 (2nd Cir. 1996);  *Bentley v. Great Lakes*
23   *Collection Bureau*, 6 F.3d 60 (2nd Cir. 1993); *Jeter v. Credit Bureau*, 760 F.2d 1168 (11th Cir. 1985);
     *Graziano v. Harrison*, 950 F.2d 107, 111 (3rd Cir. 1991);  *Avila v. Rubin*, 84 F.3d 222, 226-27 (7th
24   Cir. 1996) ("the standard is low, close to the bottom of the sophistication meter").

25      [31] *Cacace v. Lucas*, 775 F. Supp. 502, 505 (D. Conn. 1990);  *See also Stojanovski v. Strobl*
     *& Manoogian, P.C.*, 783 F. Supp. 319, 323 (E.D. Mich. 1992);  *Riveria v. MAB Collections, Inc.*,
26   682 F. Supp. 174, 178-9 (W.D.N.Y. 1988).

27

28      [32] *Russell*, 74 F.3d at 33;  *See also Taylor v. Perrin Landry, deLaunay & Durand*, 103 F.3d
     1232, 1236 (5th Cir. 1997);  *Bentley*, 6 F.3d at 62;  *Clomon*, 988 F.2d at 1318.

1   to the FDCPA.[33]

2      It is important to note that by protecting consumers from abusive, deceptive and unfair

3 collection practices, the FDCPA insures that those debt collectors who refrain from using abusive

4 debt collection practices are not competitively disadvantaged. 15 U.S.C. § 1692(e). Moreover, the

5 FDCPA further insures that regardless of whether a consumer owes a debt, he or she will be treated

6 in a reasonable and civil manner.[34]

7      Accordingly, Plaintiff asserts that whether or not Defendants violated the FDCPA must be

8 evaluated from the standpoint of the "least sophisticated consumer."

9 **B.   UNDER THE STRICT LIABILITY STANDARD OF THE FDCPA, DEFENDANTS**
10 **HAVE COMMITTED NUMEROUS VIOLATIONS OF THE ACT, AS SEEN FROM THE PERSPECTIVE OF THE "LEAST SOPHISTICATED CONSUMER."**

11      To establish a violation of the FDCPA, Plaintiff must show that: (1) Plaintiff is a consumer,

12 (2) Plaintiff has been the object of collection activity arising from a consumer debt, (3) Defendant

13 collecting the "debt" is a "debt collector" as defined in the Act, and (4) Defendant has engaged in

14 any act or omission in violation of the prohibitions or requirements of the Act.[35] The remainder of

15 this memorandum will show that all four (4) of these elements are satisfied as a matter of law.

16 **C.   PLAINTIFF IS A "CONSUMER" AS THAT TERM IS DEFINED BY 15 U.S.C. §**
17 **1692a(3); DEFENDANTS ARE EACH A "DEBT COLLECTOR" AS THAT TERM IS DEFINED BY 15 U.S.C. §1692a(6); THE DEBT BEING COLLECTED BY**
18 **DEFENDANTS WAS A "DEBT" AS THAT TERM IS DEFINED BY 15 U.S.C. § 1692a(5) AND A "CONSUMER DEBT" AS THAT TERM IS DEFINED BY CAL.**
19 **CIVIL CODE § 1788.2(f).**

20      To prove her claims under the FDCPA, Plaintiff must show that she is a "consumer" as that

21 term is defined by 15 U.S.C. § 1692a(3) and Defendant is a "debt collector" as that term is defined

22 by 15 U.S.C. § 1692a(6). Plaintiff must also show that Defendants were attempting to collect a

23  

---

24     [33] *McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992); *Baker*, 677 F.2d at 777.

25     [34] *Baker*, 677 F.2d at 777.

26     [35] *Turner v. Cook*, 362 F.3d 1219, 1227-1228 (9th Cir. 2004); *Romine v. Diversified*
27 *Collection Servs.*, 155 F.3d 1142, 1145 (9th Cir. 1998); *De Coito v. Unifund Corp.*, 2004 U.S. Dist. LEXIS 23729 at *8 (D. HI January 4, 2004); *United States v. Trans Continental Affiliates*, 1997
28 U.S. Dist. LEXIS 388 at *8 (N.D. Cal. January 8, 1997).

1    "debt" as that term is defined by 15 U.S.C. § 1692a(5).  Finally, to prove her claims under the

2    RFDCPA, Plaintiff must show that Defendants were attempting to collect a "consumer debt" as that

3    term is defined by Cal. Civil Code § 1788.2(f).

4        Defendants' "primary business" is collecting or attempting to collect debts owed or alleged

5    to be owed to third-parties.[36]  In fact, Defendants advertise on their website that they "specialize in

6    subrogation, commercial and consumer collections" and Defendant, Brachfeld, purportedly "has

7    over ten years of experience in the areas of Creditor's Rights and Debt Collections."[37]

8        In this case, Defendants were attempting to collect a consumer credit card debt originally

9    owed to Capital One Bank, which was later assigned to NCO Financial Systems, Inc.[38]  The debt

10   originally owed to Capital One Bank by Plaintiff was incurred for personal, family or household

11   purposes.[39]  Defendants have no evidence to dispute that the debt originally owed to Capital One

12   Bank was incurred for purposes other than for Plaintiff's "personal, family, or household purposes."

13   There is no factual dispute that Plaintiff is a "consumer", that Defendants are each a "debt collector"

14   and that Defendants were attempting to collect a "debt" as that term is defined by the FDCPA and

15   a "consumer debt" as that term is defined by the RFDCPA.  Therefore, Plaintiff is entitled to

16   summary judgment or summary adjudication on these threshold elements pursuant to Fed. R. Civ.

17   P. 56(d).

18   **D.    DEFENDANTS HAVE VIOLATED NUMEROUS PROVISIONS OF THE FDCPA.**

19       Because the FDCPA is a strict liability statute, proof of one violation is sufficient to support

20   summary judgment for a Plaintiff.[40]  In light of this strict liability standard, a consumer need not

21

22       [36]  Schwinn Declaration ¶15, Exhibit "12."

23       [37]  *Id*.

24       [38]  Complaint (Doc. 1) ¶¶ 10 and 11; Owens Declaration ¶¶ 4, 5 and 6; Exhibit "1."

25       [39]  Complaint (Doc. 1) ¶¶10, 29 and 38; Owens Declaration ¶4.

26       [40]  *See Hartman v. Meridian Financial Services, Inc.*, 191 F. Supp. 2d 1031, 1046-47 (W.D.
27   Wis. 2002) ("One false or misleading statement in a collection letter renders the entire
     communication false or misleading and constitutes one violation"); *See also, Cacace*, 775 F. Supp.
28   at 505; *Traverso v. Sharinn*, 1989 U.S. Dist. LEXIS 19100 at *4 (D. Conn. Sept. 15, 1989); *Picht*

1    show intentional conduct by the debt collector in order to be entitled to damages,[41] and there are no

2    unimportant violations.[42]  Further, no proof of actual deception or actual damages is required to

3    obtain statutory remedies.[43]

4           **1.    DEFENDANTS VIOLATED THE FDCPA BY SENDING A COLLECTION LETTER IN AN ENVELOPE WHICH DISPLAYED PLAINTIFF'S PERSONAL FINANCIAL INFORMATION.**

5

6    On or about September 18, 2006, Defendants' deposited a collection letter in the United

7    States Mail addressed to Plaintiff.[44]  Defendants' collection letter was mailed in an envelope which

8    contained a window through which Plaintiff's original creditor, Capital One Bank, and Defendants'

9    file number "NCO06680," could be seen by anyone who handled the letter.[45]  The FTC has stated

10   that "[a] debt collector may not send a written message that is easily accessible to third parties.  For

11   example, he may not use a computerized billing statement that can be seen on the envelope itself."[46]

12   Further, courts have found violations of the FDCPA when information regarding the creditor or debt

13   being collected are disclosed through an envelope window.[47]

14

15   _v. Jon R. Hawks, Ltd._, 236 F.3d 446, 451 (8th Cir. 2001);  _Bentley_, 6 F.3d at 62.

16      [41]  _See Pittman v. J.J. Mac Intyre Co. of Nevada, Inc._, 969 F. Supp. 609, 613 (D. Nev. 1997);

17   _See also Russell_, 74 F.3d at 36 ("Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages.").

18

19      [42]  _Bentley_, 6 F.3d at 63 (no non-actionable violations of FDCPA);  _Taylor_, 103 F.3d at 1234 (failure "to comply with any provision of the FDCPA" leads to liability).

20      [43]  _Baker_, 677 F.2d at 780;  _Clomon_, 988 F.2d at 1319.

21      [44]  <u>Complaint</u>  (Doc. 1) ¶ 16; <u>Owens Declaration</u>  ¶¶ 7, 8 and 9; Exhibit "1."

22      [45]  <u>Complaint</u> (Doc. 1) ¶18; <u>Owens Declaration</u> ¶¶ 10 and 11; Exhibit "2."

23

24      [46]  FTC Official Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50,104 (1988).

25      [47]  _Hodges v. Armada (In re Hodges)_, 342 B.R. 616, 625 (E.D. Bankr. Wash. 2006) (Debt

26   collector violated the FDCPA by sending an letter in an envelope which contained a window through which anyone could see "You have a total of $ 1,278.04 owing at this . . .");  _Shulick v. Credit_

27   _Bureau Collection Services_, 2004 U.S. Dist. LEXIS 1552 *3-4 (E.D. Pa. February 3, 2004) (Debt collector violated the FDCPA by sending a letter in an envelope which contained a window through

28   which the creditor "Verizon" could be seen.).

1    Defendants violated 15 U.S.C. § 1692c(b), which provides as follows:

2        Except as provided in section 804 [15 U.S.C. § 1692b], without the prior consent of
         the consumer given directly to the debt collector, or the express permission of a court
3        of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment
         judicial remedy, a debt collector may not communicate, in connection with the
4        collection of any debt, with any person other than the consumer, his attorney, a
         consumer reporting agency if otherwise permitted by law, the creditor, the attorney
5        of the creditor, or the attorney of the debt collector.

6   Defendants mailed the collection letter in an envelope which contained a window through which

7   anyone could see the creditor and account number related to the consumer debt being collected,

8   thereby violating the FDCPA, 15 U.S.C. § 1692c(b).

9        Further, Defendants violated 15 U.S.C. §§ 1692d and 1692d(3). 15 U.S.C. § 1692d provides:

10       A debt collector may not engage in any conduct the natural consequence of which
         is to harass, oppress, or abuse any person in connection with the collection of a debt.
11       Without limiting the general application of the foregoing, the following conduct is
         a violation of this section:
12                                                        . . .

13       (3)  The publication of a list of consumers who allegedly refuse to pay debts, except
         to a consumer reporting agency or to persons meeting the requirements of section
14       603(f) or 604(3) of this Act [15 U.S.C. §§ 1681a(f) or 1681b(3)].

15  Defendants violated 15 U.S.C. § 1692d by mailing a collection letter in an envelope which disclosed

16  information about the debt, as this is conduct the natural consequence of which is harassing,

17  oppressive and abusive.  Defendants violated 15 U.S.C. § 1692d(3) because the envelope published

18  Plaintiff's personal financial information to third parties, namely, Plaintiff's roommates.[48]

19       Finally, Defendants violated 15 U.S.C. § 1692f, which provides, "A debt collector may not

20  use unfair or unconscionable means to collect or attempt to collect any debt."  By displaying

21  Plaintiff's personal financial information to third parties, including her roommates, in connection

22  with the collection of a consumer debt, Defendants engaged in unfair and unconscionable means of

23  collection, thereby violating 15 U.S.C. § 1692f.

24       **2.    DEFENDANTS USED FALSE BUSINESS NAMES INSTEAD OF THEIR
              TRUE BUSINESS NAME WHILE ATTEMPTING TO COLLECT A
25            CONSUMER DEBT FROM PLAINTIFF.**

26  The collection letter dated September 18, 2006, states on the signature line that the name of

27  _____

28       [48]  Owens Declaration ¶ 10.

MEMORANDUM OF POINTS AND AUTHORITIES   -9-          Case No.  07-04400-JF-PVT

1  Defendants' business is "Law Offices of Brachfeld & Associates, P.C."[49]  The third paragraph of

2  the collection letter and the return address on the envelope in which it was mailed stated that

3  "Brachfeld & Associates, P.C.," was the name of Defendants' business.[50]  However, neither the

4  "Law Offices of Brachfeld & Associates, P.C." nor "Brachfeld & Associates, P.C.," are California

5  corporations or foreign corporations authorized to conduct business in the state of California.[51]  The

6  true legal name under which Defendants conduct business appears to be "Erica L. Brachfeld, A

7  Professional Corporation" as that is the only corporation with the word "Brachfeld" in its name in

8  the state of California.[52]

9       Defendants have violated 15 U.S.C. § 1692e(14) which provides:

10      A debt collector may not use any false, deceptive, or misleading representation or
    means in connection with the collection of any debt.  Without limiting the general
11      application of the foregoing, the following conduct is a violation of this section:
                           . . .
12      (14)  The use of any business, company, or organization name other than the true
    name of the debt collector's business, company, or organization.

13

14  Defendants' September 18, 2006, collection letter violates the FDCPA because the business name

15  "Law Offices of Brachfeld & Associates, P.C." was falsely used instead of the true name of

16  Defendants' business entity, "Erica L. Brachfeld, A Professional Corporation."  Further, the

17  collection letter and envelope in which it was mailed violate the FDCPA because they falsely state

18  Defendants' business entity is named "Brachfeld & Associates, P.C.," instead of the true name of

19  the entity,  "Erica L. Brachfeld, A Professional Corporation."

20  **E.        B&A HAS VIOLATED THE RFDCPA.**

21       In addition to the violations of the federal Fair Debt Collection Practices Act alleged against

22  all Defendants, Plaintiff also alleges several violations of the California Rosenthal Fair Debt

23  Collection Practices Act against Defendant, ERICA L. BRACHFELD, A PROFESSIONAL

24  ————————————

25     [49]  Complaint (Doc. 1) ¶20; Owens Declaration ¶12; Exhibit "1."

26     [50]  Complaint (Doc. 1) ¶22; Owens Declaration ¶13; Exhibits "1" and "2."

27     [51]  Schwinn Declaration ¶¶ 7-14; Exhibits "4," "5," "6," "7," "8," "10" and "11."

28     [52]  Schwinn Declaration ¶12; Exhibit "9."

1    CORPORATION ("B&A").

2    **1.    B&A IS A "DEBT COLLECTOR" WITHIN THE MEANING OF CALIFORNIA CIVIL CODE § 1788.2(c).**

3

4    Cal. Civil Code § 1788.2(c) provides as follows:

5    The term "debt collector" means any person who, in the ordinary course of business,
regularly, on behalf of himself or herself or others, engages in debt collection. The
6    term includes any person who composes and sells, or offers to compose and sell,
forms, letters, and other collection media used or intended to be used for debt
7    collection, but does not include an attorney or counselor at law.

8    This Court has stated in several cases that a law firm is a "debt collector" within the meaning

9    of the RFDCPA.

10    Interpreting the plain language of the statute, it appears clear on its face that CA
FDCPA "does not include an attorney." In fact, during oral argument, Plaintiff
11    conceded that the CA FDCPA does not apply to Defendant Boyajian, who is an
attorney. Thus, this Court denies Plaintiff's sub-class of the CA FDCPA as it
12    pertains to Defendant Boyajian.

13    However, giving section § 1788.2(c) the same reading does not yield the same result
for Defendant JBC. The statute merely states that it does not apply to "attorney" or
14    "counselor at law"; it does not outright exclude "law firms". Since the legislature
specifically excluded attorneys from the statute but was silent on law firms, this
15    Court presumes that the legislature did not intend to exclude law firms. In addition,
taken the allegations from Plaintiff's Complaint as true, Defendant JBC, in the
16    ordinary course of business, regularly, on behalf of itself or others, engages in debt
collection using form letters sent through the United States Postal Office, Defendant
17    JBC is a "debt collector" as defined by CA FDCPA.[53]

18    As in *Ables v. JBC Legal Group*, Plaintiff is this case does not assert claims under the

19    RFDCPA against the individual attorney Defendant, Brachfeld, only the law firm, B&A.[54] It is

20    undisputed that B&A is a California corporation engaged in the business of collecting debts in this

21    state, that the principal business of B&A is the collection of debts using the mails and telephone, and

22

23    [53] *Ables v. JBC Legal Group, P.C.*, 227 F.R.D. 541, 547-48 (N.D. Cal. 2005) (Ware), *see
also, Navarro v. Eskanos & Adler*, 2007 U.S. Dist. LEXIS 15046 (N.D. Cal. February 20, 2007) (J.
24    Alsup) (Court granted Plaintiff summary judgment on the issue of whether the law firm Eskanos &
Adler, APC, was a debt collector under the RFDCPA); *Adams v. CIR Law Offices, LLP*, 2007 U.S.
25    Dist. LEXIS 63808 (S.D. Cal. August 29, 2007) (Court denied motion to dismiss RFDCPA claims
against a law firm); *Lutge v. Eskanos & Adler, P.C.*, 2007 U.S. Dist. LEXIS 40570 (N.D. Cal. May
26    23, 2007) (J. White) (RFDCPA claim against the attorney Eskanos was dismissed, but the RFDCPA
27    claim against the law firm Eskanos & Adler remained.).

28    [54] Complaint (Doc. 1) ¶¶ 34-45.

1  that B&A regularly attempts to collect debts alleged to be due another.[55]

2      There is no factual dispute regarding B&A's corporate form or the principal business in

3  which it engages.  Whether B&A is a "debt collector" as that term is defined by Ca. Civil Code §

4  1788.2(c) is a question of law on which Plaintiff is entitled to summary adjudication pursuant to Fed.

5  R. Civ. P. 56(d).

6      **2.    B&A  HAS VIOLATED CAL. CIVIL CODE § 1788.17.**

7      Cal. Civil Code § 1788.17 provides as follows:

8      Notwithstanding any other provision of this title, every debt collector collecting or
       attempting to collect a consumer debt shall comply with the provisions of Sections
9      1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k
       of, Title 15 of the United States Code.
10

11     As explained above, B&A has violated 15 U.S.C. §§ 1692c(b), 1692d, 1692d(3), 1692e(14),

12  and 1692f.  Each of these violations of the FDCPA state a separate violation under Cal. Civil Code

13  § 1788.17, which requires compliance with the FDCPA.

14      **3.    B&A HAS VIOLATED CAL. CIVIL CODE §§ 1788.12(c), 1788.12(d) AND
              1788.13(a).**
15

16      As explained above, B&A mailed Plaintiff a letter in an envelope which contained a window

17  through which information about Plaintiff's debt could be seen by anyone who handled the letter.

18  By doing so, B&A disclosed the nature or existence of a debt in violation of Cal. Civil Code §

19  1788.12(c).  B&A also communicated with Plaintiff "by means of a written communication that

20  display[ed] or convey[ed] any information about the consumer debt . . . which [was] intended both

21  to be seen by any other person and also to embarrass the debtor" in violation of Cal. Civil Code §

22  1788.12(d).  Finally, B&A used a false business name, thereby communicating "with the debtor

23  other than in the name . . . of the debt collector" in violation of Cal. Civil Code § 1788.13(a).

24  **F.    THIS COURT SHOULD AWARD PLAINTIFF THE MAXIMUM STATUTORY
          DAMAGE AMOUNT OF $1,000 UNDER THE FDCPA.**
25

26      The maximum statutory damage award available under the FDCPA is a modest $1,000.

27  _____

28      [55] Complaint (Doc. 1) ¶ 7; Schwinn Declaration ¶¶ 12 and 15; Exhibits "9" and "12."

MEMORANDUM OF POINTS AND AUTHORITIES -12-            Case No.  07-04400-JF-PVT

1  Courts have, therefore, awarded the maximum amount even when the violations found were less

2  numerous and egregious than those herein.  For example, in *Riviera v. M.A.B.*,[56] the court awarded

3  the maximum $1,000 because the validation notice appeared on the back of the letter, in relatively

4  small print, with no reference to it on the front of the letter.  Thus, even though the notice was

5  accurate, the court determined a $1,000 award was appropriate.  Furthermore, in *Tolentino v.*

6  *Friedman*,[57] the Seventh Circuit upheld the maximum statutory award of $1,000 despite finding that

7  violation of only one provision of the FDCPA had been proven.  In that case the debt collector had

8  included a disclosure required by 15 U.S.C. § 1692e(11) in its initial notice, but had failed to include

9  it in a subsequent notice.  The present case involves at least 6 violations of the FDCPA, including

10  disclosure of Plaintiff's private financial information to her roommates.  Thus, the violations herein

11  are more numerous and meaningful than in those cases, and therefore the Court should award the

12  maximum amount of statutory damages under 15 U.S.C. § 1692k(a)(2)(A), which is $1,000.

13  **G.    PLAINTIFF SHOULD BE AWARDED $1,000 UNDER CAL. CIVIL CODE §**
14  **1788.30(b).**

15  The Cal. Civil Code § 1788.30 states that any debt collector who fails to comply with any

16  provision is liable to such debtor in an amount equal to his/her actual damages, and in the case of

17  a debt collector who willfully and knowingly violates the RFDCPA, the Court may award a penalty

18  in an amount not less than $100 nor greater than $1,000.  Cal. Civil Code § 1788.30(b).

19  In this case, B&A has willfully and knowingly violated Cal. Civil Code § 1788.13(a) by

20  collecting consumer debts using a false name.  This statutory provision is remedied by the statutory

21  penalty provisions of Cal. Civil Code § 1788.30(b).  Thus, Plaintiff should be awarded the full

22  $1,000 statutorypenalty under Cal. Civil Code § 1788.30(b).

23  **H.    PLAINTIFF SHOULD BE AWARDED $1,000 UNDER CAL. CIVIL CODE § 1788.17.**

24  In this case, B&A has violated Cal. Civil Code § 1788.17 which is remedied by the statutory

25  damages provisions of 15 U.S.C. § 1692k(a)(2)(A).  Thus, Plaintiff should be awarded the full

26

27  [56]  682 F. Supp. 174 (W.D.N.Y. 1988).

28  [57]  46 F.3d 645 (7th Cir. 1995).

1   $1,000 in statutory damages under Cal. Civil Code § 1788.17.

2   **I.    BOTH CONGRESS AND THE CALIFORNIA LEGISLATURE HAVE EXPRESSED THEIR INTENT THAT THE REMEDIES FOR VIOLATIONS OF THE FDCPA AND RFDCPA BE CUMULATIVE.**

3

4   Cal. Civil Code § 1788.32 states "The remedies provided herein are intended to be

5   cumulative and are in addition to any other procedures, rights, or remedies under any other provision

6   of law." Thus, a violation of the federal statute can lead to damages under the federal FDCPA and

7   a violation of the California statute leads to damages under the RFDCPA. Indeed, the FDCPA

8   expressly states:

9   > [t]his subchapter does not annul, alter, or affect, or exempt any person subject to the provisions of this subchapter from complying with the law of any State with respect
10  > to debt collection practices, except to the extent that those laws are inconsistent with any provision of this subchapter, and then only to the extent of the inconsistency.
11  > 15 U.S.C. § 1692n.

12  Moreover, courts both within and outside the Ninth Circuit, have allowed statutory damages

13  under both federal and state consumer protection statutes.[58] Thus, the Court should not be reluctant

14  to assess the maximum possible statutory damages under both federal and state law. As this Court

15  has noted, Cal. Civil Code § 1788 was amended to expand the remedies of the RFDCPA, including

16  an expansion of the statutory damages available under the state law.[59]

17  Additionally, this Court has concluded that rather than drafting new language to the

18  RFDCPA, the legislature simply incorporated entire sections of the FDCPA by reference.[60] Indeed,

19  this Court stated "California simply incorporated by reference the text of certain federal provisions

20  into the CFDCPA, rather than copying them verbatim into the California code. Any resulting

21  liability, however, remains a state claim." *Id.* In a separate case, this Court went on to hold that a

22

23

---

24  [58] *Sakuma v. First National Credit Bureau*, 1989 U.S. Dist. LEXIS 19120 (D. HI. November 15, 1989); *Mann v. Acclaim*, 348 F. Supp. 2d 923 (S.D. Ohio 2004); *Chapman v. ACB Business Services*, Inc., 1997 U.S. Dist. LEXIS 23743 (S.D. W.V. February 13, 1997).

25

26  [59] *Abels*, 227 F.R.D. at 548 (The mandatory language in the amendment—" . . . shall be subject to the remedies in Section 1692k" leaves little doubt as to the intent of the legislature to
27  broaden the remedies for RFDCPA.)

28  [60] *Alkan v. Citimortgage, Inc.*, 336 F. Supp. 2d 1061, 1065 (N.D. Cal. 2004).

---

1    violation of 15 U.S.C. § 1692g was also a violation of Cal. Civil Code § 1788.17.[61]  Thus, by

2    incorporating 15 U.S.C. § 1692k by reference (and its statutory damages of $1,000), the California

3    legislature chose to make the additional $1,000 available, as a matter of state law, when it enacted

4    Cal. Civil Code § 1788.17.

5    **J.    PLAINTIFF HAS A STATUTORY RIGHT TO ATTORNEY'S FEES AND COSTS.**

6            Both the federal FDCPA and California RFDCPA direct the Court to award attorney's fees

7    to a prevailing consumer.  15 U.S.C. § 1692k(a)(3) and Cal. Civil Code § 1788.30(c).  A number of

8    cases decided under 15 U.S.C. § 1692k have held that an award of attorney fees and costs is required

9    if the plaintiff prevails.[62]  Thus, the Court should award Plaintiff her reasonable attorney fees and

10   costs incurred in this matter.

11                                  **VI.  CONCLUSION**

12           For the reasons set forth above, Plaintiff, as a matter of law, is entitled to summary judgment:

13   (1) declaring that Defendants' collection letter (Exhibit "1") violates the Fair Debt Collection

14   Practices Act,  15 U.S.C. §§ 1692c(b), 1692d, 1692d(3), 1692e(14), and 1692f;  (2) declaring that

15   the envelope Defendants' mailed the collection letter in (Exhibit "2") violates the Fair Debt

16   Collection Practices Act, 15 U.S.C. § 1692e(14);  (3) declaring that Defendants' collection letter

17   (Exhibit "1") violates the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§

18   1788.13(a) and 1788.17;  (4) declaring that the envelope Defendants' mailed the collection letter in

19   (Exhibit "2") violates the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§

20   1788.12(c), 1788.12(d), 1788.13(a), and 1788.17;  (5) awarding Plaintiff statutory damages in an

21

22           [61]  *Edstrom v. A.S.A.P. Collection Services*, 2005 U.S. Dist. LEXIS 2773, *15 (N.D. Cal.
23   February 22, 2005).

24           [62]  *See, e.g. Zagorski v. Midwest Billing Services, Inc.*, 178 F.3d 116 (7th Cir. 1997) (holding
25   it was an abuse of discretion not to award attorney's fees following a stipulated judgment in the
     amount of $100; and directing the court to award fees sufficient to compensate the attorney for the
26   time spent on the case in order to encourage enforcement of the FDCPA);  *Pipiles v. Credit Bureau*,
     Inc., 886 F.2d 22 (2d Cir. 1989) (directing trial court to award fees on remand despite the lack of
27   actual or statutory damages because Plaintiff had demonstrated that Defendant violated the FDCPA);
     *Perez v. Perkiss*, 742 F. Supp. 883 (D. Del. 1990) (awarding Plaintiffs' legal services attorneys
28   $10,110 after a half-day jury trial in which Plaintiff was awarded $1,200 in damages).

1   amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A); (6) awarding Plaintiff

2   statutory damages in an amount not less than $100 nor greater than $1,000 pursuant to Cal. Civil

3   Code § 1788.30(b);  (7) awarding Plaintiff statutory damages in an amount not exceeding $1,000

4   pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code § 1788.17;  (8) awarding

5   Plaintiff the costs of this action and reasonable attorney's fees pursuant to 15 U.S.C.§ 1692k(a)(3)

6   and Cal. Civil Code §§ 1788.30(c) and 1788.17; and (9) awarding Plaintiff such other and further

7   relief as may be just and proper.

8       In the alternative, Plaintiff is entitled to partial summary adjudication pursuant to Fed. R.

9   Civ. P. 56(d) on the following factual issues:  (1) Plaintiff is a "consumer" as that term is defined

10  by 15 U.S.C. § 1692(a)(3) and a "debtor" as that term is defined by Cal. Civil Code § 1788.2(h);

11  (2) Defendants are each a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6);  (3)

12  Defendant, B&A, is a "debt collector" as that term is defined by Cal. Civil Code § 1788.2(c);  and

13  (4) the debt being collected by Defendants was a "debt" as that term is defined by 15 U.S.C. §

14  1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

15

16                                              CONSUMER LAW CENTER, INC.

17

18                                              By: /s/ Fred W. Schwinn
                                                    Fred W. Schwinn, Esq.
                                                    Attorney for Plaintiff
19                                                  SUSAN RAE OWENS

20

21

22

23

24

25

26

27

28