# CONSUMER LAW CENTER, INC.
## 12 South First Street, Suite 1014
## San Jose, CA 95113-2403

Fred W. Schwinn
fred.schwinn@sjconsumerlaw.com

(408) 294-6100
Fax (408) 294-6190

September 22, 2007

Erica L. Brachfeld
Brachfeld & Associates, P.C.
20300 S. Vermont Avenue, Suite 120
Torrance, CA 90502-1338

Re:   Owens v. Brachfeld & Associates, P.C., et al.
      Case No. C07-04400-PVT

Dear Ms. Brachfeld:

I am in receipt of the Answer that you sent to me in the above referenced matter. Upon reviewing the Answer I have found that it does not comply with Federal Rule of Civil Procedure 8(b). This rule requires, among other things, that a responding party admit or deny each averment in the Complaint. Averments which are not denied are deemed admitted pursuant to Federal Rule of Civil Procedure 8(d). Please note that general denials are not allowed under the Federal Rules.

I also note that you have plead a number of affirmative defenses under California law. In this regard I direct your attention to *Howlett v. Rose*, 496 U.S. 356 (1990) in which the United States Supreme Court held that, "The elements of, and the defenses to, a federal cause of action are defined by federal law." It is therefore, inappropriate to claim state-law affirmative defenses in response to a federal cause of action. Furthermore, most if not all of the affirmative defenses you have alleged appear to be boilerplate and unsupported by the facts in this case. I suggest that you rethink your use of boilerplate affirmative defenses in light of your responsibilities under Federal Rule of Civil Procedure 11.

Pursuant to Federal Rule of Civil Procedure 15(a) a party may amend its pleading within 10 days of its original filing without leave of the Court. I suggest that you avail yourself of this limited opportunity to file an Amended Answer which complies with the rules. Should you not do so, we will seek a judgment on the pleadings in this matter.

I look forward to your prompt response.

Very Truly Yours,

Fred W. Schwinn

**EXHIBIT 3**