**E-Filed 8/19/2008**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SUSAN RAE OWENS,<br><br>                              Plaintiff,<br><br>               v.<br><br>ERICA L. BRACHFELD, a professional<br>corporation d/b/a BRACHFELD & ASSOCIATES.<br>P.C., a California corporation and ERICA LYNN<br>BRACHFELD, individually and in her official<br>capacity,<br><br>                              Defendant. | Case Number C07-4400<br><br>ORDER[1] GRANTING SUMMARY<br>JUDGMENT |

## I. BACKGROUND

This case was brought by Plaintiff, Susan Rae Owens ("Owens"), against Defendants,

Erica Brachfeld ("Brachfeld") and Brachfeld & Associates, P.C. d/b/a Law Offices of Brachfeld

& Associates, P.C. ("B&A"), for violations of the Fair Debt Collections Practices Act, 15 U.S.C.

§ 1692, *et seq.* ("FDCPA") and the California Fair Debt Collection Practices Act, California

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C 07-4400
ORDER GRANTING SUMMARY JUDGMENT
(JFLC1)

Civil Code § 1788, *et seq.* ("RFDCPA") in connection with the collection of a debt owed on an account financed by Capital One Bank.[2]  The complaint alleges that Defendants sent a collection letter in an envelope with a window through which information printed on the collection letter could be seen by anyone who handled it.  Owens also alleges that the collection letter and the envelope used the names of businesses that are not registered as California corporations or otherwise entitled to operate in the state of California.

On September 21, 2007, Defendants filed an answer containing a general denial and state law affirmative defenses.  On September 22, 2007, Plaintiff's counsel sent Defendants' counsel a letter outlining the alleged deficiencies in the answer and suggesting that Defendants avail themselves of the opportunity to file an amended answer pursuant to Federal Rule of Civil Procedure 15(a).  After Defendants failed to respond, Owens filed a motion for summary judgment on December 28, 2007.  Defendants have not filed opposition.

## II.  LEGAL STANDARD

A motion for summary judgment should be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  The moving party bears the initial burden of informing the Court of the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

If the moving party meets this initial burden, the burden shifts to the non-moving party to present specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324.  A genuine issue for trial exists if the non-moving party presents evidence from which a reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the material issue in his or her favor.  *Anderson*, 477 U.S. 242, 248-49; *Barlow v. Ground*, 943 F. 2d 1132, 1134-36 (9th Cir. 1991).

---

[2] This debt was later transferred to NCO Financial Systems, Inc.

2

**III. DISCUSSION**

1.   <u>FDCPA Claims</u>

To establish a violation of the FDCPA, a plaintiff must show that: (1) the plaintiff is a

consumer; (2) the plaintiff has been the object of collection activity arising from a consumer

debt; (3) the defendant collecting the debt is a debt collector as defined by the act; and (4)

Defendant has engaged in an act or omission in violation of the prohibitions or requirements of

the Act. *See Turner v. Cook*, 362 F.3d 1219, 1227-28 (9th Cir. 2004).  The Court concludes that

Owens has met her burden of demonstrating each of these elements.

The FDCPA provides the following definitions:

> The term "consumer" means any natural person obligated or allegedly obligated to
> pay any debt.
> . . .
> The term "debt" means any obligation or alleged obligation of a consumer to pay
> money arising out of a transaction in which the money, property, insurance, or
> services which are the subject of the transaction are primarily for personal, family,
> or household purposes, whether or not such obligation has been reduced to
> judgment.
> the term "debt collector" means any person who uses any instrumentality of
> interstate commerce or the mails in any business the principal purpose of which is
> the collection fo any debts, or who regularly collects or attempts to collect,
> directly or indirectly, debts owed or due or asserted to be owed or due another. . . .

15 U.S.C. § 1692a (3),(5),(6).  Owens declares that the debt she originally owed to Capital One

was incurred for personal, family or household purposes.  Rae Declaration at ¶ 4.  According to

its website, B&A "specializes in . . . commercial and consumer collections."  Exhibit 12.

Accordingly, based upon the evidence in the record, Owens is a consumer and B&A is a debt

collector within the meaning of the statute.

Under 15 U.S.C. § 1692c(b), debt collectors are prohibited from communicating with

third parties about debt:

> Except as provided in [15 U.S.C. § 1692b], without the prior consent of the
> consumer given directly to the debt collector, or the express permission of a court
> of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment
> judicial remedy, a debt collector may not communicate, in connection with the
> collection of any debt, with any person other than the consumer, his attorney, a
> consumer reporting agency if otherwise permitted by law, the creditor, the
> attorney of the creditor, or the attorney of the debt collector.

Courts have found violations of this provision when information regarding the creditor or debt

1  being collected is disclosed through an envelope window. *In re Hodges*, 342 B.R. 616, 625

2  (E.D. Bankr. Wash. 2006); *Shulick v. Credit Bureau Collection Servs.*, 2004 U.S. Dist. LEXIS

3  1552 at *3-4 (E.D. Pa. Feb. 3, 2004); *see also* FTC Statements of General Policy or Interpretation

4  Staff Commentary on the Fair Debt Collection Processes Act, 53 Fed. Reg. 50,097-02 (1988) ("A

5  debt collector may not send a written message that is easily accessible to third parties.  For

6  example, he may not use a computerized billing statement that can be seen on the envelope

7  itself.").  On September 18, 2006 Defendants mailed to Owens a collection letter in an envelope

8  that contained a window through which anyone could see the creditor and account number

9  related to the consumer debt being collected, thereby violating the FDCPA.

10  _____The FDCPA also prohibits the use of any "false, deceptive, or misleading representation

11  or means in connection with the collection of debt."  15 U.S.C. § 1692e(14).  "The use of any

12  business, company or organization name other than the true name of the debt collector's business

13  or organization," is an express violation of this provision.  *Id.*  Defendant's collection letter uses

14  the names "Law Offices of Brachfeld & Associates, P.C." and "Brachfeld & Associates, P.C."

15  Exhibits 1 & 2.  Owens submits evidence that on August 25, 2007, a search for both of these

16  entities on the websites of the California Secretary of State and Los Angeles County Registrar

17  Office's websites produced no results.   Schwinn Declaration ¶ 7-11.   The California Secretary

18  of State also has certified that there is no record of a California or foreign corporation, active or

19  inactive, of the name Law Offices of Brachfeld & Associates, P.C.,  Brachfeld & Associates,

20  P.C.  Exhibits 10 & 11.  On August 25, 2007, Owens' counsel searched the website of the

21  California Secretary of State for any corporation including the word "Brachfeld," and the only

22  result was "Erica L. Brachfeld, A Professional Corporation."  Schwinn Declaration ¶ 9.

23  The Court concludes that Owens has satisfied her initial burden with respect to her claims

24  under §§ 1692c(b) & 1692e(14), shifting the burden to Defendants to demonstrate a genuine

25  issue of material fact.  Because Defendants have not responded to Owens's motion, the Court

26  finds that Owens is entitled to summary judgment.

27  2.   RFDCPA Claims

28  Owens brings her second claim against B&A only, alleging that its mailing practices and

4

1 use of a false name violate the RFDCPA.  The RFDCPA defines a "debt collector" as:

2      any person who, in the ordinary course of business, regularly on behalf of himself
       or herself or others, engages in debt collection.  The term includes any person who
3      composes and sells, or offers to compose and sell, forms, letters and other
       collection media used or intended to be used for debt collection, but does not
4      include an attorney or counselor at law.

5  Cal. Civil Code § 1788.2(c).  Courts in this jurisdiction have found that a law firm is a "debt

6 collector" within the meaning of the RFDCPA.  As one Court explained, "[t]he statute merely

7 states that it does not apply to 'attorney' or 'counselor at law;' it does not outright exclude 'law

8 firms.'  Since the legislature specifically excluded attorneys from the statute but was silent with

9 respect to law firms, this Court presumes that the legislature did not intend to exclude law firms."

10 *Ables v. JBC Legal Group, P.C.*, 227 F.R.D. 541, 547-48 (N.D. Cal. 2005).  Accordingly, B&A

11 is a "debt collector" within the meaning of § 1788.2.

12      As explained in the foregoing discussion, Owens has made a sufficient showing that

13 B&A mailed her a letter in a envelope with a window through which information about her debt

14 could be seen by anyone who handled the letter.  By doing so, B&A disclosed the nature or

15 existence of a debt in violation of Cal. Civil Code § 1788.12(c) which prohibits such disclosures.

16 B&A also communicated with Owens "by means of a written communication that display[ed] or

17 convey[ed] any information about the consumer debt . . . which [was] intended both to be seen by

18 any other person and also to embarrass the debtor" in violation fo Cal. Civil Code § 1788.12(d).

19 Additionally, B &A's mailing practices and its use of a false name violate § 1788.17, which

20 requires strict compliance with §§ 1692b-1692j of the FDCPA.

21      3.    Damages

22      "Remedies under the FDCPA and the RFDCPA are cumulative and penalties may be

23 awarded under both statutes."  *Mejia v. Marauder Corp.*, No. 06-00520 HRL, 2007 WL 806486

24 at *10 (N.D. Cal. Mar. 15, 2007); *see also* 15 U.S.C. § 1692n ("This subchapter does not annul,

25 alter or affect or exempt any person subject to the provisions of this subchapter from complying

26 with the laws of any State with respect to debt collection processes . . . ."); Cal Civil Code §

27 1788.32 ("The remedies provided herein are intended to be cumulative and are in addition to any

28 other procedures, rights, or remedies under any other provisions of law.").  Owens does not seek

5

Case No. C 07-4400
ORDER GRANTING SUMMARY JUDGMENT
(JFLC1)

1    actual damages.  Instead, she requests the maximum statutory damages of $1,000 for each of the

2    six FDCPA violations she has alleged as well as $1,000 under Cal Civil Code § 1788.30 and

3    $1,000 under Cal Civil Code §1788.17.

4         A debt collector who violates the FDCPA is liable for actual damages sustained and such

5    additional damages as the court may allow, but not exceeding $1,000.  As explained in the

6    foregoing discussion, the Court finds that only two provisions of the FDCPA have been violated.

7    The Ninth Circuit has explained that "the fact that numerous violations of the FDCPA are

8    predicated upon one set of circumstances *should* be considered and . . . is best considered during

9    the calculation of damages." *Clark v. Capital Credit & collection Servs.*, 460 F.3d 1162, 1178

10   (9th Cir 2006).  "In assessing damages, a court must consider the frequency and persistence of

11   noncomplaince by the debt collector, the nature of such noncompliance, and the extent to which

12   such noncompliance was intentional." *Masuda v. Thomas Richards & Co.*, 759 F. Supp. 1456,

13   1467 (C.D. Cal. 1991).  Owens claims are predicated on two acts: wrongful mailing practices and

14   use of a false name, and she has not made any argument with respect to Defendants' intent.

15   Accordingly, the Court concludes that Owens is entitled to damages of $2,000.

16        The RFDCPA provides a statutory penalty in "an individual action" that "shall be not less

17   then one hundred dollars nor greater than one thousand dollars." Cal Civil Code § 1788.30.  In

18   light of the fact that Owen's RFDCPA claim is based on a single event and further, because B &

19   A has violated only one statutory provision, the Court concludes that she is entitled to $100 in

20   statutory damages under the RFDCPA.

21        Owens contends that she also is entitled to an additional award of up to $1,000 under  Cal

22   Civil Code § 1788.30.  However, Owens does not cite any authority indicating that § 1788.17

23   was intended to permit an additional award beyond that which is authorized by § 1788.17.  Other

24   courts in this jurisdiction have explained:

25        *Alkan* did not hold that section 1788.17 authorized additional penalties under the
         RFDCPA.  That portion fo the court's opinion concerned only whether Section
26        1788.17 impermissibly expanded the scope of the FDCPA.  (The court concluded
         that it did not).  Plaintiff points out that this court has remarked that "the
27        mandatory language in Section 1788.17 shall be subject to the remedies in Section
         1692k - leaves little doubt as to the intent of the legislature to broaden the
28        remedies for CA RFDCPA." *Abels v. JBC Legal Group, P.C.*, 227 F.R.D. 541,

                                              6

548 (N.D. Cal. 2005).   Notably, however, plaintiff omits the portion fo the court's opinion indicating that it was commenting only about the availability of class action (as opposed to individual action) remedies under state law.   *See Id.*   Even if Section 1788.17 was intended to authorize an additional award up to $1,000, this court concludes that the record presented does not warrant a penalty over the $100 being awarded here.

*Mejia v. Marauder Corp.*, 2007 WL 806486 at *12.   Accordingly, Owens's request for an additional award will be denied.

4.       Attorney's Fees

Both the FDCPA and the RFDCPA direct courts to award attorney's fees to a prevailing consumer.  15 U.S.C § 1692k(a)(3); Cal Civil Code § 1788.30(c).  *See Johnson* v. *Credit Int'l*, No. 05-16696, 2007 WL 3332813 (9th Cir. 2007 Oct. 17, 2007) (awarding attorney's fees under the FDCPA); *Gousks* v. *Aptos Vill. Garage*, 114 Cal. Reptr. 2d 558 (Cal. Ct. App. 6th Dist. 2002) (awarding attorney's fees under the RFDCPA).  Accordingly, the Court will award attorney's fees.  Counsel for Owens is directed to submit an itemization of his fees in connection with this case.

## IV.  ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the motion for summary judgment is GRANTED.  Damages are awarded in the amount of $2,100, plus attorney's fees and costs.  The Clerk shall enter judgment and close the file.

DATED: August 19, 2008

_____
JEREMY FOGEL
United States District Judge

7

1   This Order has been served upon the following persons:

2   Fred Schwinn  schwinn@sjconsumerlaw.com

3   Erica A Brachfeld      ebrachfeld@brachfeldscollections.com

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 07-4400
ORDER GRANTING SUMMARY JUDGMENT
(JFLC1)