**E-Filed 12/5/08**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| SUSAN RAE OWENS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ERICA L. BRACHFELD, a professional corporation d/b/a BRACHFELD & ASSOCIATES. P.C., a California corporation and ERICA LYNN BRACHFELD, individually and in her official capacity,<br><br>　　　　　Defendant. | Case Number C 07-4400 JF (PVT)<br><br>ORDER[1] GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS |

　　Plaintiff Susan Rae Owens ("Plaintiff") moves for an award of attorneys' fees and costs pursuant to this Court's amended judgment in her favor. Defendants, Erica Brachfeld and Brachfeld & Associates, P.C. d/b/a Law Offices of Brachfeld & Associates, P.C. ("Defendants"), have not filed opposition. For the reasons discussed below, the motion will be granted in part.

---

[1] This disposition is not designated for publication in the official reports.

## I. BACKGROUND

On August 19, 2008,[2] this Court granted Plaintiff's unopposed motion for summary judgment, concluding that Defendants violated the Fair Debt Collection Practices Act[3] (FDCPA) by sending Plaintiff a collection letter that revealed personal debt collection information through the envelope window and falsely represented Defendants' company name. The Court found that Plaintiff had "satisfied her initial burden" and that the burden shifted to Defendants "to demonstrate a genuine issue of material fact." Order at 4. However, "[b]ecause Defendants did not oppose Owens's motion, the Court [found] that Owens [was] entitled to summary judgment." *Id.* Defendants' collection letter and misstatement of its company name also violated the California Rosenthal Fair Debt Collection Practices Act (RFDCPA). *See id.* at 5. The Court awarded damages of $2,000 on the FDCPA claims and damages of $100 under the RFDCPA. *Id.* at 6. The Court also found that Plaintiff was entitled to reasonable attorneys' fees and costs; Plaintiff's counsel was "directed to submit an itemization of his fees in connection with this case." *Id.* at 7. On August 29, 2008, Plaintiff, by and through her attorney Fred Schwinn ("Schwinn"), filed the instant motion for attorneys' fees and costs. The motion is unopposed.

## II. LEGAL STANDARD

The FDCPA provides that a plaintiff may recover "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3); *see Johnson v. Credit Int'l*, No. 05-16696, 2007 WL 3332813 (9th Cir. Oct. 17, 2007) (awarding attorneys' fees under the FDCPA). Under the RFDCPA, "the prevailing party shall be entitled to costs of the action. Reasonable attorney's fees, which shall be based on time necessarily expended to enforce the liability, shall be awarded to a prevailing debtor." Cal. Civ. Code § 1788.30(c); *see Gouskos v. Aptos Village Garage, Inc.*, 94 Cal.App.4th 754, 764 (Cal. Ct. App. 6th Dist. 2001) (awarding attorneys' fees under the RFDCPA).

---

[2] On August 22, 2008, the Court entered an Amended Judgment in favor of Plaintiff pursuant to the terms of the Order Granting Summary Judgment (the "Order").

[3] 15 U.S.C. § 1692c(b) (mailing practices claim) and 15 U.S.C. § 1692e(14) (false company name claim).

1    "The starting point for determining a reasonable fee is the 'lodestar' figure, which is the number of hours reasonably expended multiplied by a reasonable hourly rate." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992).  "Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 fn 4 (9th Cir. 2001).  The court must articulate "the reasons for its findings regarding the propriety of the hours claimed or for any adjustment it makes either to the prevailing party's claimed hours or to the lodestar." *Id*. at 1148 (quoting *Gates*, 987 F.2d at 1398).  In some circumstances, it is appropriate for the court to make "across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure." *Id.* at 1149-51.  However, such cuts are controversial, *Gates,* 987 F.2d at 1399, and do not discharge the court from "its responsibility to set forth a 'concise but clear' explanation of its reasons for choosing a given percentage reduction nor from its duty to independently review the applicant's fee request," *Ferland,* 244 F.3d at 1149 (citation omitted).

### III.  DISCUSSION

Plaintiff seeks $7,556.78 in attorneys' fees and costs, and also requests leave to submit a supplemental declaration in support of additional fees and costs incurred in bringing the instant motion.[4]  Schwinn claims that he and his staff at the Consumer Law Center, Inc. spent 25.9 hours on behalf of Plaintiff in this matter.  He asserts that the prevailing market rate for the time and quality of his services is $325 per hour; he also seeks $125 per hour for work performed by his law clerk.  In total, Plaintiff requests the following attorneys' fees based on the lodestar formula:

| Name | Position | Hours | Rate | Total |
|---|---|---|---|---|
| Fred Schwinn | Attorney | 19.1 | $325.00 | $6,175.00 |
| Jovanna Longo | Law Clerk | 6.8 | $125.00 | $850 |
| | | | | $7,025 |

---

[4] Plaintiff submitted the instant motion on the papers alone, and as discussed below, the costs of drafting and filing the instant motion already have been included.  Accordingly, the Court denies leave to submit a supplemental declaration in support of additional fees and costs.

Consumer Law Center, Inc. also has advanced fees and costs[5] on behalf of the Plaintiff, for which it now seeks reimbursement.

A.      Reasonableness of Hours Expended by Plaintiff's Counsel

The Court finds the hours expended in this action to be excessive, given the lack of opposition to Plaintiff's motions and the similarity of the instant action to prior actions brought by the same attorney in this Court. "Counsel for the prevailing party should exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in a private practice is ethically obligated to exclude hours from his fee submission." *Hensley v. Eckerhart,* 461 U.S. 424, 433-434 (1983) (citations omitted). The party seeking the fee bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked. *Gates*, 987 F.2d at 1398-99.

Schwinn and Longo assert that they spent approximately twenty-six (26) hours litigating this action. Those hours primarily were spent drafting and filing the complaint, the motion for summary judgment, and the instant motion for attorneys' fees and costs. Because Defendants did not oppose the motions, Plaintiff's counsel has not been required to litigate the matter aggressively. In fact, the only resistance from Defendants to the action was an answer to the complaint that contained only a general denial and state law affirmative defenses.

Schwinn has submitted detailed time records, breaking down discrete tasks that he and Longo performed. It appears that a considerable amount of time is claimed for drafting

---

[5]Plaintiff seeks reimbursement of the following costs on behalf of counsel:

| | |
|---|---|
| Filing fees | $350.00 |
| Service of process | $108.00 |
| Photocopying – 131 @ $0.20 | $26.20 |
| Postage | $5.08 |
| State of California – document copies | $10.00 |
| | $499.28 |

4

Case No. C 07-4400 JF (PVT)
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS
(JFEX1)

documents that Schwinn prepares as a matter of course in his practice.  For instance, Longo spent 4.5 hours and Schwinn spent 4.4 hours on Plaintiff's memorandum in support of her motion for summary judgment.  Although at first glance this appears to be a reasonable amount of time for such a motion, the memorandum is almost identical to that filed in connection with a similar motion in *Maundu v. The Barnes Law Firm, et al*, Case No. C 05-01939 JF (PVT) (docket no. 22).[6]  Similarly, although Schwinn claims two hours for the instant motion for fees and costs, a significant portion of the instant moving papers is identical to those filed in *Meyer v. ARS National Services, Inc., et al*, Case No. C 07-06422 JF (PVT) (docket no. 17).[7]  In noting these similarities, the Court in no way intends to criticize Plaintiff's counsel for choosing not to reinvent the wheel every time a fair debt collection action is brought.  The similarities do, however, suggest that the number of hours spent litigating this largely unopposed, "cookie-cutter" action is somewhat excessive.  Accordingly, the Court will award fees for half of the hours claimed for the foregoing motions.[8]

B.      Reasonableness of Counsel's Hourly Rate

"[T]he established standard when determining a reasonable hourly rate is the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience and reputation." *Camacho v. Bridgeport Financial, Inc.*, 523 .3d 973, 971 (9th Cir.

---

[6] The following sections of Plaintiff's motion for summary judgment ("MSJ") in this case contain language nearly identical to that in *Maundu*: "Standard of Review" (MSJ at 3-4), "Least Sophisticated Consumer" Standard (MSJ at 4-6), "Maximum Statutory Damage Amount"(MSJ at 12-13) and "Statutory Right to Attorney's Fees and Costs" (MSJ at 15).

[7] When compared to the fee motion submitted in *Meyer,* the instant motion contains original language only at the following locations: 1:10-17, 2:2-25, 3:1-8, 6:1-7, 11: 12-13 and 13: 1, 10-11.  In total, these lines represent approximately 1.5 pages of a 13-page document.  Similarly, Schwinn's declaration contains approximately one page of original text out of six pages, and otherwise is identical to the declaration Schwinn submitted in *Meyer*.  Schwinn claims that he spent a total of one hour on his declaration here.

[8] The Court will reduce Longo's hours for the motion for summary judgment from 4.5 hours to 2.25 hours, and Schwinn's from 4.4 hours to 2.2. hours.  The Court will reduce Schwinn's hours for the instant motion and his declaration in support thereof from 3 hours to 1.5 hours.  Accordingly, the Court will grant attorneys' fees to Schwinn for 15.4 hours and to Longo for 5.55 hours.

2008). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.3d 403, 407 (9th Cir. 1990). Counsel for Plaintiff has provided the Court with his own declaration as well as the declarations of two other attorneys practicing in the San Francisco Bay Area stating that the prevailing rate in this district is $325 an hour. A $125 hourly rate has been approved for law clerks. *See Fleming v. Kempter Nat'l Servs*, 373 F.Supp. 2d 1000, 1012 (N.D. Cal. 2005). The Court concludes that these are fair and reasonable rates for calculating Schwinn's and Longo's attorneys' fees.

Pursuant to the foregoing, the Court will award fees to Schwinn for 15.4 hours and to Longo for 5.55 hours. Applying the lodestar formula, the Court concludes that Plaintiff is entitled to $5,698.75 in attorneys' fees. Plaintiff also is entitled to $499.28 in costs.

### IV.  ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the motion for attorneys' fees and costs is GRANTED IN PART as set forth above.

DATED: December 5, 2008

                                              JEREMY FOGEL
                                              United States District Judge

1  This Order has been served upon the following persons:

2  Fred Schwinn          schwinn@sjconsumerlaw.com

3  Erica A Brachfeld     ebrachfeld@brachfeldscollections.com

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 07-4400 JF (PVT)
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS
(JFEX1)